UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD SPRUEL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-2847** |
| **ROGER WELD, ET AL.** | **SECTION "J"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b) and (c), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.    Factual Summary**

The plaintiff, Richard Spruel, is currently housed in the Stafford Creek Corrections Center in Aberdeen, Washington. The plaintiff submitted this *pro se* and *in forma pauperis*[1] action against correctional officers and employees at the facility. He alleges food tampering and denial of access

---

[1] The Court directed the Clerk by separate Order to file this complaint without prepayment of a filing fee. The application for pauper status is deferred to the Western District of Washington for determination and collection under Title 28 U.S.C. § 1915. Based on this Court's research, it appears that Spruel may have numerous other civil filings dating back to the 1990's.

to various services and the courts. (Rec. Doc. No. 1, Complaint). He seeks monetary compensation and injunctive relief.

## II.     General Venue Statute

Venue is determined under Title 28 U.S.C. § 1391. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). Section § 1391(b) provides that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in a judicial district where (1) **any defendant resides**, if all defendants reside in the same State, (2) a substantial part of the **events or omissions** giving rise to the claim **occurred**, or (3) **any defendant may be found**, if there is no district in which the action may otherwise be brought.

Pursuant to Title 28 U.S.C. § 1406(a) and § 1404(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). Having reviewed the record, the Court finds that venue in the Eastern District of Louisiana is improper.

## III.    Proper Venue

The named defendants are located in Aberdeen, Washington at the Stafford Creek Corrections Center where plaintiff is currently incarcerated. Aberdeen is in Grays Harbor County, which is located within the boundaries of the Western District of Washington. Title 28 U.S.C. §128(b). Plaintiff does not allege any legal or factual basis to maintain venue in the Eastern District of Louisiana. Therefore, the Court finds that it is in the interest of justice and fairness to the parties that this civil action be transferred to the Western District of Washington for further consideration.

**IV.    Recommendation**

It is therefore **RECOMMENDED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Western District of Washington.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this 2nd day of September, 2010.

KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.